Case 8:14-cv-00057-JFB-TDT Doc # 5 Filed: 02/21/14 Page 1 of 4 - Page ID # 1
Case 11-08033-TLS Doc 325 Filed 02/14/14 Entered 02/14/14 15:57:26 Desc Main Document      Page 1 of 4

USDC-NE 8:14cv57

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK09-81458 |
| | ) | |
| M&M MARKETING, L.L.C. and | ) | CH. 7 |
| PREMIER FIGHTER, L.L.C., | ) | |
| | ) | |
| Debtors. | ) | |
| RICHARD D. MYERS, Bankruptcy Trustee | ) | ADV. NO. A11-8033 |
| of M&M Marketing, L.L.C. and | ) | |
| Premier Fighter, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL L. BLUMENTHAL, | ) | |
| | ) | |
| Defendant. | ) | |

**FINDINGS AND RECOMMENDATIONS**
**TO THE UNITED STATES DISTRICT COURT**

This matter is before the court on (1) Plaintiff's renewed motion for summary judgment (Fil. #287) and Defendant's resistance (Fil. #307); (2) Defendant's motion for withdrawal of reference (Fil. #304) and Plaintiff's resistance (Fil. #317); and (3) the following matters which are all deemed to address the same issue: Defendant's motion for jury trial (Fil. #291), Plaintiff's motion to strike request for jury trial (Fil. #312), Plaintiff's withdrawal of jury demand (Fil. #314), and Defendant's motion to strike trustee's attempt to withdraw jury demand (Fil. #319). W. Patrick Betterman represents Plaintiff, and Defendant, an attorney, is appearing pro se. Each motion will be addressed separately below:

1.      Jury Demand.

The United States Supreme Court has made it clear that a person who has not submitted a claim against a bankruptcy estate has a right to a jury trial when sued by the trustee in bankruptcy to recover an allegedly fraudulent monetary transfer. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 36 (1989). It is undisputed that Defendant has not submitted a claim against the bankruptcy estate. Therefore, Defendant asserts that he is entitled to a jury trial on most, if not all, of the trustee's claims. Plaintiff asserts that Defendant's jury demand was not timely filed and, in any event, Defendant waived the right to a trial by jury.

Remarkably, the positions now being taken by the parties are the opposite of the positions they took at the commencement of this litigation. On April 14, 2011, in the last line of his complaint (Fil. #1) commencing this adversary proceeding, Plaintiff specifically demanded a trial by jury on

all issues triable to a jury. When Defendant filed his answer (Fil. #34) on November 6, 2011, he responded to Plaintiff's jury demand by stating: "Plaintiff is not entitled to a trial by jury." Then, two years later, Defendant filed a document entitled "Request for Jury Trial" (Fil. #291). In response, Plaintiff filed his motion to strike Defendant's request for a jury trial as untimely (Fil. #312) and, at the same time, filed a withdrawal of his own demand for jury trial (Fil. #314). Not to be outdone, Defendant responded with his own motion to strike Plaintiff's attempt to withdraw his jury demand (Fil. #319).

Federal Rule of Bankruptcy Procedure 9015(a) makes Federal Rule of Civil Procedure 38 applicable in bankruptcy cases and proceedings. Federal Rule of Civil Procedure 38(a) preserves the right to a trial by jury as declared by the Seventh Amendment to the United States Constitution. Subparagraph (b) provides "[o]n any issue triable of right by a jury, a party may demand a jury trial by: (1) serving the other parties with a written demand – which may be included in a pleading – no later than 14 days after the last pleading directed to the issue is served[.]" Subparagraph (d) provides "[a] party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdrawn only if the parties consent."

It is clear that Plaintiff's jury demand contained within his complaint was timely under Rule 38(b). Defendant's jury demand, coming more than two years after filing his answer, was not proper and timely. However, under Federal Rule of Civil Procedure 38, Defendant was not required to file a jury demand at all since Plaintiff had already done so. Under Federal Rule of Civil Procedure 38(d), Plaintiff's jury demand can be withdrawn only if the parties consent. Clearly, Defendant does not consent as evidenced by his belated jury demand and his motion to strike Plaintiff's attempted withdrawal of his jury demand. Plaintiff argues that Defendant waived his right to a jury trial by asserting in his answer that Plaintiff is not entitled to a jury trial. Plaintiff fails to cite to any authority to support his waiver claim, and I find it unconvincing. At best, the statement contained in Defendant's answer can be described as disputing Plaintiff's entitlement to a jury trial, which dispute was effectively reconciled two years later when Defendant filed his demand for a jury trial, thereby effectively conceding that Plaintiff's jury demand was appropriate.

Since Defendant was not required to file a separate jury demand after Plaintiff had already done so, and since Defendant has not consented to the withdrawal of Plaintiff's jury demand or otherwise waived a right to a trial by jury, Plaintiff's jury demand may not be withdrawn.

2. <u>Withdrawal of Reference</u>.

Defendant has filed a motion entitled "MOTION TO WITHDRAW REFERENCE or in the ALTERNATIVE to TRANSFER this MATTER to the DISTRICT COURT and VACATE ALL ORDERS of the BANKRUPTCY COURT." Defendant asserts that since he is entitled to a jury trial, the reference of the case to the bankruptcy court should be withdrawn. Further, Defendant argues that under the decision of the United States Supreme Court in *Stern v. Marshall*, 131 S. Ct. 2594 (2011), the bankruptcy court lacks the constitutional authority to hear this case, rule on any motions, or enter final judgment. The constitutional authority of bankruptcy courts after the Supreme Court's decision in *Stern* has become a somewhat difficult determination. However, help does appear to be

on the horizon. Specifically, within the next few months, the United States Supreme Court will be issuing its decision in the appeal of the Ninth Circuit's decision in *In re Bellingham Ins. Agency, Inc.*, 702 F.3d 553 (2012). In that case, the United States Supreme Court is expected to answer the question of whether Article III permits the exercise of the judicial power of the United States by bankruptcy courts on the basis of litigant consent, and also whether a bankruptcy court may submit proposed findings of fact and conclusions of law for de novo review by a district court when the bankruptcy court would not otherwise have constitutional authority to finally decide a matter.

However, it is not necessary to delve into the constitutional authority questions raised in *Stern* and *Bellingham* to decide Defendant's motion to withdraw the reference. Instead, the right to a jury trial is sufficient. In this district, we are not equipped to conduct jury trials in bankruptcy court. Accordingly, I recommend that the United States District Court for the District of Nebraska withdraw the reference of this adversary proceeding pursuant to Nebraska General Rule 1.5(b) so that it may proceed as a jury trial.

3. <u>Summary Judgment</u>.

Bankruptcy Judge Timothy J. Mahoney denied a prior motion for summary judgment, holding in part, "[t]he parties to this litigation dispute nearly every fact of the case, so the court is not in a position to rule summarily on this cause of action." Later, on a motion to clarify by Plaintiff, Judge Mahoney issued a subsequent order (Fil. #264) stating that "[a]ssuming for the purposes of this motion that a Ponzi scheme presumption is recognized in the Eighth Circuit, the trustee may utilize it." He also stated that the presumption is not a final determination of liability and is subject to rebuttal through appropriate evidence.

In his renewed motion for summary judgment, Plaintiff seeks a court order granting partial summary judgment against Defendant for avoidance of transfers in the approximate amount of $171,000.00 for the bankruptcy estate of M&M Marketing and approximately $330,000.00 for the bankruptcy estate of Premier Fighter. Plaintiff also desires summary judgment compelling Defendant to turn over all property he received from M&M Marketing and Premier Fighter, and compelling him to account for all cash he obtained from them. Plaintiff appears to base his motion primarily on his ability to use the Ponzi scheme presumption. However, as Judge Mahoney clearly indicated, the presumption is rebuttable with appropriate facts. Judge Mahoney's earlier order denying summary judgment duly noted that the parties disagree on just about everything, and that summary disposition of the case would be inappropriate. I see no reason why the result should be any different just because a presumption may arise with respect to the activities of persons who are not even parties to this adversary proceeding. Accordingly, I recommend that the United States District Court deny the renewed motion for summary judgment filed Plaintiff.

Therefore, I respectfully recommend as follows:

1. That the United States District Court for the District of Nebraska determine that Plaintiff's jury demand may not be withdrawn because Defendant does not consent to the withdrawal;

      2.      That due to the right to a trial by jury, the United States District Court for the District of Nebraska withdraw the reference of this adversary proceeding pursuant to Nebraska General Rule 1.5(b); and

      3.      That the United States District Court for the District of Nebraska deny Plaintiff's renewed motion for summary judgment and schedule this matter for trial.

      DATE: February 21, 2014.

                                    BY THE COURT:

                                    /s/ Thomas L. Saladino
                                    Chief Judge

Notice given by the Court to:
      *W. Patrick Betterman
      *Michael L. Blumenthal
      United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.