IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICHARD D. MYERS, Bankruptcy Trustee of M&M Marketing, L.L.C. and Premier Fighter, L.L.C.,<br><br>                Plaintiff,<br><br>    vs.<br><br>MICHAEL L. BLUMENTHAL,<br><br>                Defendant. | 8:14CV57<br><br>BANK. NO. 11-08033-TLS<br><br>MEMORANDUM AND ORDER |

      This matter is before the court on the findings and recommendations ("F&R") of the bankruptcy court, Filing No. 1, and the objections filed by the United States Trustee, Filing No. 3.  This case arises out of a bankruptcy Chapter 7.  The bankruptcy court made three determinations to which the plaintiff trustee objects:  (1) that defendant is entitled to a jury trial; (2) that this case should be withdrawn and tried by the district court in view of the fact that it is a jury trial; and (3) that the renewed summary judgment motion should be denied.  After carefully reviewing the record and the objections of the trustee, the court determines that the bankruptcy judge is correct in all respects and adopts the F&R.

      *1.  Jury demand*

      The plaintiff initially requested a jury trial in the bankruptcy case.  Bankruptcy case, 11-ap-8033, Filing No. 1, Complaint.  The defendant asserted in his answer that plaintiff was not entitled to a jury trial.  Bankruptcy case, 11-ap-8033, Filing No. 20.  Then, two years later defendant requested a jury trial.  Bankruptcy case, 11-ap-8033, Filing No. 291.  The plaintiff moved to strike the request for a jury trial.  Bankruptcy case, 11-ap-8033, Filing No. 312.  The defendant moved to strike the trustee's attempt

to withdraw the jury demand. Bankruptcy case, 11-ap-8033, Filing No. 319. Plaintiff moved to strike the defendant's request as untimely, arguing that the parties are not entitled to a jury trial since the defendant initially objected to a jury trial.

The bankruptcy judge determined that the parties are entitled to a jury trial, as this case involves an allegedly fraudulent monetary transfer. See *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 36 (1989). The bankruptcy judge determined that Fed. R. Civ. P. 38(a) and (d) preserve the right to a jury trial and can only be withdrawn if the parties consent. The court further determined that plaintiff timely filed its jury demand and the defendant did not consent to withdrawal of the demand. The court agrees with the bankruptcy judge and concludes that defendant is entitled to a jury trial.

*2. Withdrawal of reference*

Thereafter, the defendant filed a motion to withdraw reference. Bankruptcy case, 11-ap-8033, Filing No. 304. As a result of finding that a jury trial will occur in this case, the bankruptcy judge concluded that it should indeed withdraw reference in this case. The defendant points to the case of *Stern v. Marshall,* 131 S. Ct. 2594 (2011) and argues it stands for the proposition that the bankruptcy court lacks the constitutional authority to hear this case, rule on motions, or enter final judgments. The bankruptcy court agrees that the law is in a bit of flux following this case and notes that certiorari has been accepted in *In Re Bellingham Ins. Agency, Inc.*, 702 F.3d 553 (9th Cir. 2012) which might clarify some of these issues. However, with that said, the bankruptcy judge noted the decision is not particularly helpful in this district, as the bankruptcy court is not equipped to address jury trials in any event. Thus, for that reason alone, the bankruptcy court recommended this court withdraw the reference in this case.

This court agrees with the bankruptcy court. Because the bankruptcy court determined that a jury trial is appropriate in this case, and as set forth herein, this court agrees with that finding, the reference will be withdrawn and this court will try the case.

### 3. Summary judgment

We review the bankruptcy's factual findings for clear error and its conclusions of law de novo. *In re Webb,* 742 F.3d 824, 828 (8th Cir. 2014). Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). "The movant 'bears the initial responsibility of informing the district court of the basis for its motion,' and must identify 'those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (quoting *Celotex*, 477 U.S. at 323). If the movant does so, "the nonmovant must respond by submitting evidentiary materials that set out 'specific facts showing that there is a genuine issue for trial.'" *Id*. (quoting *Celotex*, 477 U.S. at 324). "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of

3

fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). A "genuine" issue of material fact exists "when there is sufficient evidence favoring the party opposing the motion for a jury to return a verdict for that party." *Id.* at 251-52 (1986) (noting the inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law). If "reasonable minds could differ as to the import of the evidence," summary judgment should not be granted. *Id.* at 251.

The evidence must be viewed in the light most favorable to the nonmoving party, giving the nonmoving party the benefit of all reasonable inferences. *Kenney v. Swift Transp., Inc.,* 347 F.3d 1041, 1044 (8th Cir. 2003). "In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations." *Id.* "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Koehn v. Indian Hills Cmty. Coll.,* 371 F.3d 394, 396 (8th Cir. 2004).

As stated by the bankruptcy court:

> [t]he bankruptcy trustee filed this adversary proceeding to recover property transferred to Mr. Blumenthal as part of his efforts to collect his purported judgment debt. The trustee characterizes the transfers as preferential pursuant to 11 U.S.C. § 547(b) or fraudulent pursuant to 11 U.S.C. §§ 544 and 548(a)(1) and the Nebraska Uniform Fraudulent Transfer Act. He also alleges unjust enrichment and abuse of process, and seeks an accounting and the return of the property in assumpsit. Both parties have now filed motions for summary judgment on the merits of the complaint.

4

Bankruptcy case, 11-ap-8033, Filing No. 244, at 2. The bankruptcy court then conducted a detailed review of the facts and analysis as they pertain to the motions for summary judgment.

The court has carefully reviewed the facts set forth by the bankruptcy judge regarding this motion. The bankruptcy judge denied the initial motion for summary judgment, finding that the parties have disputed nearly every single fact in this case. Bankruptcy case, 11-ap-8033, Filing No. 244, at 6. Further, the court, when asked to clarify its order at a later date, stated that "[a]ssuming for the purposes of this motion that a Ponzi scheme presumption is recognized in the Eighth Circuit, the trustee may utilize it." Bankruptcy case, 11-ap-8033, Filing No. 264, at 4. The bankruptcy judge also stated that the presumption is not a final determination of liability and is subject to rebuttal through appropriate evidence. *Id.* Plaintiff then renewed its motion for summary judgment, Filing No. 287, asking for basically the same relief on the same set of facts as the initial motion for summary judgment. *Id.*, Filing No. 325. The bankruptcy judge denied the motion for the same reasons.

The court has reviewed the order and objections and finds the objections must be overruled for the same reasons stated by the bankruptcy judge. The factual issues in this case are numerous and plenty, and they are clearly disputed. Further, the court finds the bankruptcy judge applied the appropriate legal standards in his analysis regarding the summary judgment standards as well as the substantive law concerning fraudulent transfers and preferences. The court has carefully reviewed the law cited by the bankruptcy judge, and finds these are correct assessments of the law as applied in this case.

The court finds that pursuant to 28 U.S.C. § 157(d) and NEGenR 1.5(b)(2) and for good cause shown that the F&R should be adopted in its entirety.

THEREFORE, IT IS ORDERED:

1. The F&R of the bankruptcy judge, Filing No. 1, is adopted in its entirety.

2. The objections by the trustee, Filing No. 3, are overruled.

3. The referral in this case is withdrawn.

4. The magistrate judge is ordered to progress this case to a jury trial.

Dated this 21st day of April, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge